UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH HILL, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    No. 2:23-CV-00039 PLC |
| | ) |
| DAN REDINGTON, | ) |
| | ) |
|     Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on self-represented petitioner Joseph Hill's petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] For the following reasons, the Court finds that petitioner's claim is not cognizable in a federal habeas proceeding and will deny and dismiss the petition.

### Standard on Initial Review

On initial review, the court may summarily dismiss a § 2241 petition without ordering a response if "it appears from the application [for a writ of habeas corpus] that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons discussed below, summary dismissal is appropriate in this case.

### Background

On December 8, 2022, petitioner was charged by Information in the Circuit Court for New Madrid County Missouri, on felony assault in the second degree, unlawful possession of a concealable firearm and armed criminal action. *See State v. Hill*, No. 22NM-CR00275 (34th Jud.

---

[1] Although the Clerk has docketed the action as one brought pursuant to 28 U.S.C. § 2254, this case is more appropriately brought pursuant to 28 U.S.C. § 2241. Habeas corpus actions brought pursuant to 28 U.S.C. § 2241 relate to the execution of a petitioner's sentence, whereas habeas action brought pursuant to 28 U.S.C. § 2254 attack the validity of the petitioner's sentence.

Cir., New Madrid County). On December 12, 2022, petitioner pled guilty to assault in the second degree and was sentenced to seven (7) years' imprisonment in the Missouri Department of Corrections (MDOC), to run concurrently with any prior sentence.

Petitioner had previously been sentenced to fifteen (15) years' of imprisonment in the MDOC on a probation revocation for being a "Chronic DWI" on June 27, 2022. *See State v. Hill,* No. 17NM-CR00415-01 (34th Jud. Cir., New Madrid County).

Petitioner was charged by Information on May 5, 2017, of the Class B felony of driving while intoxicated on or about April 18, 2017. He was charged with being a habitual offender, having been found guilty of driving while intoxicated (DWI) on five prior occasions. An Amended Information was filed on October 24, 2017, charging petitioner with not only being a "Chronic Offender of DWI," but also a persistent offender in Missouri, having had a prior felony of unlawful possession of a firearm and DWI-Aggravated Offender. Petitioner pled guilty on October 24, 2017, and he was sentenced to fifteen (15) years' imprisonment in the MDOC, with a Suspended Execution of Sentence (SES) after petitioner agreed to attend Long Term Drug Treatment. *See State v. Hill*, No. 17NM-CR00415-01 (34th Jud. Cir., New Madrid County). It appears that petitioner attended Long Term Drug Treatment from the time of his sentencing until approximately eighteen (18) months later.[2]

On March 7, 2019, the Court entered an Order of Release stating that petitioner should be released from Long Term Drug Treatment on May 3, 2019, and thereafter continue probation with the Missouri Board of Probation and Parole for a period of five (5) years. Petitioner had to adhere

---

[2] The Court notes that on October 27, 2017, the New Madrid County Sheriff's Office filed a "Jail Time Certification," noting that petitioner had been incarcerated at the New Madrid County Jail from approximately May 3, 2017, until October 27, 2017. On July 20, 2022, the New Madrid County Jail filed a "Outstanding Jail Debt Certification" indicating that petitioner owed $4042.14 in outstanding board expenses at the Jail for the dates: 4/18/2017 to 4/19/2017; 5/3/2017 to 10/27/2017; 5/16/2022 to 5/17/2022; and 6/27/2022 to 7/01/2022.

to specific terms of probation set forth by the court. On May 13, 2022, the probation officer filed a notice of probation violation in petitioner's case, and on May 16, 2022, a warrant was issued for his arrest. The warrant was served on petitioner on May 17, 2022, and he was released on his own recognizance. On June 27, 2022, petitioner's probation was revoked at a hearing on the matter, after which time his sentence of fifteen (15) years' imprisonment in the MDOC was reinstated.

Neither of petitioner's judgments from New Madrid County Court directed that he should receive credit for his sentences for time spent in prison, jail or custody after the offense occurred and before his convictions, pursuant to Mo.Rev.Stat. § 558.031.2.

## Discussion

Petitioner, currently incarcerated at Northeast Correctional Center (NECC), filed this petition pursuant to 28 U.S.C. § 2241 challenging the Missouri Department of Corrections' (MDOC) appropriation of jail time credits to his sentence under Missouri Revised Statute § 558.031. In his motion, petitioner states that he is entitled to jail time credit arising out of the MDOC's miscalculation of his sentences in two state court criminal cases, *State v. Hill*, No. 22NM-CR00275 (New Madrid County, filed Dec. 8, 2022), and *State v. Hill*, No. 17NM-CR00415-01 (New Madrid County, filed May 5, 2017). He seeks to have this time credited as time served.

Having carefully reviewed the petition and the underlying record, the Court concludes petitioner's claim is not cognizable in a federal habeas proceeding because it requires consideration of Missouri's jail time credit statutory provisions, Missouri Revised Statute § 538.031. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"); *Collar v. Minor*, No. 4:12-CV-602-TCM, 2015 WL 2145254, *4 (E.D. Mo. May 7, 2015) (finding petitioner's claim for jail time credit under Mo. Rev. Stat. § 558.031 not cognizable in a federal habeas proceeding). A federal court does not have

jurisdiction to issue a writ of habeas corpus to a person in state custody unless the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The instant petition challenges how the MDOC calculates petitioner's jail time credit under Missouri Revised Statute § 558.031. As a result, petitioner's claim for relief is not cognizable, and the Court will summarily dismiss the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate order of dismissal will accompany this Memorandum and Order.

Dated this 14th day of July, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE